UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jay Express Trust, Accommodation Party for JESSICA ALBA EMELO et al,<br><br>Plaintiff,<br><br>vs.<br><br>American Homes 4 Rent, LLC, c/o William Wenke, President,<br><br>Defendant. | Case No.:2:13-cv-02147-JAD-PAL<br><br>**Order Directing Plaintiff to Retain Counsel and Demonstrate Service** |

    Plaintiff Jay Express Trust filed this action asking the Court to enforce a judgment against Defendant American Homes 4 Rent, LLC from a foreign court named "Shaykamaxum Grand/Supreme Court of Atlan/Amexem Al Moroc NW," a "Judicial Tribunal Court of Record" with a mailing address in Philadelphia, Pennsylvania.  Doc. 1.  Plaintiff has moved this Court for a Writ of Execution.  Doc. 3.

    The Court issued an Order to Show Cause why the action should not be dismissed for lack of jurisdiction.  Doc. 5.  Plaintiff responded to that OSC on December 19, 2013, Doc. 6, and the Court is reviewing and considering that response.  In reviewing that response it became apparent to the Court that Plaintiff, a Trust, is not represented by counsel; all documents have been filed by "Paul Jolivette, Agent" of the Jay Express Trust.

    "It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d

972, 973-74 (9th Cir. 2004) (citation and quotation marks omitted, second modification in original); *Rowland v. California Men's Unit II Advisory Council*, 506 U.S. 194, 202 (1993). This rule applies to trusts. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (holding that the representative of a trust is not "viewed as a 'party' conducting his '*own* case personally' and thus lacks "the right to present arguments *pro se* in federal court"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994) (dismissing appeals brought by trustees acting pro se because "none of the appellant trusts is represented in this court by a licensed member of the bar."). A court may sanction a trust that fails to retain counsel to represent it in court by dismissing its action with prejudice for failure to prosecute and failure to comply with a court order. Fed. R. Civ. Proc. 41(b).

IT IS HEREBY ORDERED that Plaintiff Jay Express Trust shall have up through and including January 31, 2014, to retain an attorney (licensed to practice in this Court) to represent it in this proceeding and have that counsel file an appearance on Jay Express Trust's behalf. Plaintiff is strongly cautioned that its failure to comply with this order will result in this action being dismissed with prejudice.

There is also no proof in the record that Plaintiff has effectuated service of any documents in this case on the Defendant in compliance with the Rules of this Court. Accordingly, IT IS FURTHER ORDERED that Plaintiff shall ensure that all documents in this matter have been properly served on Defendant in compliance with the Rules of this Court and that Plaintiff shall file proper proof of such service into the record no later than January 31, 2013.

Dated this 31st day of December, 2013.

_____
Jennifer A. Dorsey
United States District Court Judge