UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jay Express Trust, Accommodation Party for Jessica Alba Emelo, et al.,<br><br>Plaintiff<br><br>vs.<br><br>American Homes 4 Rent L.L.C. c/o William Wenke, President,<br><br>Defendant | Case No.:2:13-cv-02147-JAD-PAL<br><br>**Order Dismissing Action** |

This action is being pursued by Paul Jolivette, purportedly as the "agent" of Plaintiff Jay Express Trust. Jolivette filed this action asking the Court to enforce a judgment against Defendant American Homes 4 Rent L.L.C. from a foreign court named "Shaykamaxum Grand/Supreme Court of Atlan/Amexem Al Moroc NW," a "Judicial Tribunal Court of Record" with a mailing address in Philadelphia, Pennsylvania. Doc. 1. Jolivette, on behalf of the Trust, has moved this Court for a Writ of Execution. Doc. 3.

On December 31, 2013, the Court discovered that Plaintiff—a Trust—is not represented by counsel. All documents have been filed by "Paul Jolivette, Agent" of the Jay Express Trust. Accordingly, the Court notified Plaintiff that "it is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (citation omitted) (internal quotation marks omitted); *Rowland v. California Men's Unit II Advisory Council*, 506

U.S. 194, 202 (1993).  This rule applies to trusts.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) (holding that the representative of a trust is not "viewed as a 'party' conducting his '*own* case personally' and thus lacks "the right to present arguments *pro se* in federal court"); *see also Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994) (dismissing appeals brought by trustees acting pro se because "none of the appellant trusts is represented in this court by a licensed member of the bar.").  A court may sanction a trust that fails to retain counsel to represent it in court by dismissing its action with prejudice for failure to prosecute and failure to comply with a court order.  Fed. R. Civ. P. 41(b).  The Court gave Plaintiff until January 31, 2014, to retain an attorney (licensed to practice in this Court) to represent it in this proceeding and have that counsel file an appearance on Jay Express Trust's behalf.  Plaintiff was strongly cautioned that its failure to comply with this order would result in this action being dismissed with prejudice.  Doc. 8.

There was also no proof in the record that Plaintiff has effectuated service of any documents in this case on the Defendant in compliance with the Rules of this Court.  Accordingly, the Court further ordered Plaintiff to ensure that all documents in this matter have been properly served on Defendant in compliance with the Rules of this Court and directed Plaintiff to file proper proof of such service into the record no later than January 31, 2013.  *Id.*

Plaintiff did not retain counsel or file proof of service.  Instead, Plaintiff filed an "Objection to the Court's Order Directing Plaintiff to Retain Counsel and Demonstrate Service [and] Motion to Strike and Vacate the Ruling Made in Error Pursuant to Rule 12(b) and 60(b)."  Doc. 9.  This document contains a series of twelve enumerated paragraphs that challenge the Court's order.  Each begins, "There is no proof that . . ." and states, *inter alia*, "There is no proof that . . . Plaintiff is not an unincorporated Express Trust that is represented by the Trustee pursuant to Rule 17(1)(E), that may bring suit in the name of the trust or in the name of the trustee," that "this Court has authority to dismiss this case with prejudice for a procedural defect," "that Plaintiff has not effectuated service of any documents in this case on the Defendant

in compliance with the Rules of this Court," or that "a trustee of an express trust cannot bring or present a suit in the name of an unincorporated trust or in the name of the trustee pursuant to NRS 17(1)(E)." *Id*.  Plaintiff asks the Court to "strike and vacate" its December 31, 2013, order and to issue further affirmative relief. *Id.* He signed this "Objection" "Paul Patrick of the house of Jolivette, Trustee for Jay Express Trust." *Id*. at p.3.

Contrary to Mr. Jolivette's subjective belief, this Court does have the authority to dismiss an action when a party fails to comply with an express order of the Court. *See* Fed. R. Civ. P. 41(b).  The court must weigh five factors before imposing the harsh sanction of dismissal. *See Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. *See Malone*, 833 F.2d at 132–33, 132 n. 1.

Having considered these factors, and in light of plaintiff's failure (indeed, apparent refusal) to retain an attorney and provide proof that any document in this case has been served on the named defendant, the Court finds that dismissal of this action is appropriate. *See, e.g.*, *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (recognizing that default may be entered against an artificial entity for failing to retain counsel).  Plaintiff was expressly cautioned that its failure to retain counsel to represent it in this case would result in dismissal, Doc. 7, but instead of retaining counsel, Plaintiff filed "objections" to the Court's order.  Doc. 9.  Not only do the rules of this Court not authorize "objections" as the method for challenging this order, but the use of this unauthorized style of response only highlights why this fictitious entity should—and must—be represented by an attorney licensed to practice in this

1  Court. Plaintiff's apparent refusal to provide proper documentation demonstrating that the
2  named defendants are even aware of this action is further cause for dismissal of this case. To be
3  sure, it is not the responsibility of this Court to provide Mr. Jolivette "proof" of this Court's
4  authority to take action or to prove that Mr. Jolivette has *not* complied with the rules of this
5  Court. This gamesmanship only demonstrates that this Plaintiff has no interest in the expeditious
6  resolution of this litigation, the Court's need to manage its own docket, the risk of prejudice to
7  the defendant, or the disposition of this case on its merits. Accordingly, with good cause
8  appearing and with no reason for delay,

9      IT IS HEREBY ORDERED that Plaintiff's **"Objections" [Doc. 9]** are **OVERRULED**
10  and his Motion to Strike and Vacate this Court's order is **DENIED**;

11      IT IS FURTHER ORDERED that **this case is DISMISSED**; and

12      IT IS FURTHER ORDERED that the **Motion for Writ of Execution [Doc. 3] is**
13  **DENIED** as moot in light of the dismissal.

14      The Clerk shall close this matter.

15      Dated this 3rd day of February, 2014.

                                                      _____
                                                      Jennifer A. Dorsey
                                                      United States District Court Judge